Abelardo MORALEZ, Plaintiff,

v.

Brian E. THIEDE, Ina G. Zeemering, George G. Googasian and Judge James G. Fleming, Defendants.

Civil No. 93–CV–72765–DT.

United States District Court, E.D. Michigan, S.D.

Aug. 23, 1993.

Abelardo Moralez, pro se.

Marcia L. Proctor, Lansing, MI, for defendants.

### ORDER OF DISMISSAL

GADOLA, District Judge.

Plaintiff, Abelardo Moralez ("plaintiff"), presently confined at the Muskegon Temporary Facility in Muskegon, Michigan, has filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The defendants are Brian E. Thiede, Ina G. Zeemering, George G. Googasian, and Judge James G. Fleming. Plaintiff was charged and convicted in Jackson County, Michigan, with malicious destruction of property valued over $100, his second felony. Defendant Thiede was plaintiff's trial counsel. Defendant Zeemering was plaintiff's appellate counsel. Defendant Googasian is the current president of the Michigan State Bar Association. Defendant Fleming presided over plaintiff's criminal trial.

Plaintiff alleges that defendants Thiede and Zeemering provided him ineffective assistance of counsel at trial and on appeal. Plaintiff alleges that defendant Googasian is responsible for the allegedly ineffective assistance of counsel he received, because Googasian is the president of the Michigan Bar Association. He alleges that Judge Fleming made various errors at his criminal trial, such as improperly excluding evidence, denigrating the plaintiff at his criminal trial, defending defense counsel's performance, and telling plaintiff to " 'shut up and sit down' or be arrested for contempt or tried in absentia sham trial." Complaint for Malpractice at page 4.

Plaintiff seeks damages.

### I. STANDARD OF REVIEW

Plaintiff has been granted *in forma pauperis* status. Pursuant to 28 U.S.C. § 1915(d), a district court may *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendants "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d); *Harris v. Johnson,* 784 F.2d 222, 223 (6th Cir.1986). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. at 1833. *See also Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief.

### II. ANALYSIS

#### A. DEFENDANTS THIEDE AND ZEEMERING

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991). Defendants Thiede and Zeemering, plaintiff's attorneys at trial and on appeal, did not act under color of state law while representing plaintiff at trial and on appeal. *See Polk County v. Dodson,* 454 U.S. 312, 318–19, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981) (a public defender does not act under color of state law when "advancing 'the undivided interests of [an indigent] client' "). Consequently, plaintiff's claims against these attorney defendants cannot be the basis of § 1983 liability, because an essential element of a claim under § 1983 is missing.

## B. DEFENDANT GOOGASIAN

Plaintiff's complaint against defendant Googasian must be dismissed for several reasons.

▮ Supervisory officials may be liable in § 1983 actions where they acquiesce to or participate in a constitutional violation. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Section 1983 liability may be found where a supervisor encourages the specific incident of misconduct or directly participates in it in some other way. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). However, the doctrine of *respondeat superior* does not apply in Section 1983 actions. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The mere authority to supervise or control cannot be the basis of § 1983 liability where the supervisor does not encourage or participate in the alleged wrongdoing.

▮ Plaintiff appears to have named Googasian as a defendant simply because he is the President of the Michigan State Bar Association. This Court shall assume for the sake of argument that Googasian has some supervisory authority over defendants Thiede and Zeemering. However, plaintiff has not alleged that Googasian encouraged or participated in any specific acts of wrongdoing. In fact, plaintiff has made no specific allegations whatsoever concerning Googasian. Consequently, plaintiff's claim against Googasian must be dismissed. *Birrell v. Brown,* 867 F.2d 956, 959 (6th Cir.1989).

▮ Additionally, this Court notes that as President of the Michigan Bar Association, Googasian is the chief executive officer of an arm of the Michigan Supreme Court which is an integral part of the state judicial process. M.C.L. § 600.901; Rule 1, Rules of the Michigan Supreme Court Concerning the State Bar of Michigan. Consequently, as President of the Michigan Bar Association, Googasian is entitled to judicial and quasi-judicial immunity from damages. *Sparks v. Kentucky Character and Fitness Committee, et al.,* 818 F.2d 541 (6th Cir.1987), vacated and remanded on other grounds, 484 U.S. 1022, 108 S.Ct. 744, 98 L.Ed.2d 757 (1988), reh. 859 F.2d 428 (6th Cir.1988), *cert. denied,* 489 U.S. 1011, 109 S.Ct. 1120, 103 L.Ed.2d 183 (1989). This is an additional reason why plaintiff's complaint must be dismissed as to defendant Googasian.

## C. JUDGE FLEMING

▮ Plaintiff contends that Judge Fleming committed various errors at plaintiff's state criminal trial. Plaintiff does not allege that Judge Fleming lacked proper jurisdiction to preside over plaintiff's criminal trial. Judges are immune from damages liability except for acts done in "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Moreover, immunity is not lost because an action was taken in error, done maliciously, or because the judge allegedly exceeded his authority. *Id.* at 356, 98 S.Ct. at 1105. A complaint is frivolous as to a defendant who is clearly immune from suit. *Neitzke v. Williams,* 490 U.S. at 327, 109 S.Ct. at 1833. Therefore, plaintiff's complaint must be dismissed as to Judge Fleming.

## D. ABSTENTION

There is an additional, alternative reason why plaintiff's complaint must be dismissed. Although plaintiff does not claim to seek relief from his state court conviction, his claims essentially challenge the validity of his state conviction. Such relief is not available in this § 1983 civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 494, 498–99, 93 S.Ct. 1827, 1838, 1840–41, 36 L.Ed.2d 439 (1973). Claims constituting such a challenge should be raised in a federal habeas corpus action after exhausting state appellate remedies. "Any constitutional violations should be vindicated in the state court in the first instance and, failing vindication there, by the federal court upon habeas review...." *Foster v. Kassulke,* 898 F.2d 1144, 1148 (6th Cir.1990).[1]

---

1. A petitioner may not obtain federal habeas corpus review until exhausting state court remedies as to each and every federal constitutional ground for relief he wishes to assert in his habeas petition. A writ of habeas corpus is available to a person in custody pursuant to a state court

Plaintiff should raise his constitutional challenge to his conviction in a petition for a writ of habeas corpus. *See Hadley v. Werner,* 753 F.2d 514, 516 (6th Cir.1985) and *Feaster v. Miksch,* 846 F.2d 21, 22–24 (6th Cir.) *cert. denied,* 488 U.S. 857, 109 S.Ct. 148, 102 L.Ed.2d 120 (1988).

Accordingly,

IT IS ORDERED that the complaint is DISMISSED as frivolous pursuant to § 1915(d). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a).

judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties on the United States." 28 U.S.C. § 2254(a). State court remedies must be exhausted before habeas review is proper. 28 U.S.C. § 2254(b). Exhausting state court remedies regarding a ground for relief requires presenting that ground to both Michigan appellate courts. *Dombkowski v. Johnson,* 488 F.2d 68, 70 (6th Cir.1973); *Hafley v. Sowders,* 902 F.2d 480 (6th Cir.1990). Money damages are not available in federal habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 494, 498–99, 93 S.Ct. 1827, 1838, 1840–41, 36 L.Ed.2d 439 (1973).