178 F.3d 800
 Walter CALLIHAN, Plaintiff-Appellant,
v.
Stewart SCHNEIDER, Individually and in his Official Capacity
as Commonwealth Attorney; Keith Moore,
Individually and in his Official
Capacity as Kentucky State
Police Detective,
Defendants-Appellees.
 No. 98-6077.
 United States Court of Appeals,
Sixth Circuit.
 May 28, 1999.
 
 Walter Callihan, Argillite, KY, pro se.
 Before: MARTIN, Chief Judge; DAUGHTREY and GILMAN, Circuit Judges.
 OPINION
 BOYCE F. MARTIN, JR., Chief Judge.
 
 
 1
 Walter Callihan, a pro se Kentucky resident, appeals a district court order denying his motion to appeal in forma pauperis. We address Callihan's appeal because recent amendments to Fed. R.App. P. 24 require us to modify our decision in Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir.1997).
 
 
 2
 Seeking monetary relief, Callihan sued a county prosecutor and a state police detective alleging that they engaged in a conspiracy to entrap Callihan and charge him with attempting to bribe a public official. The district court subsequently dismissed the complaint without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), concluding that the request for damages under 42 U.S.C. § 1983 was premature as any ruling on the complaint could affect Callihan's pending state criminal charges. The district court also concluded that Callihan had made insufficient allegations to establish a conspiracy claim. Finally, the court declined to exercise supplemental jurisdiction over a state law claim.
 
 
 3
 Callihan then moved for leave to proceed in forma pauperis on appeal. The district court certified that Callihan's appeal would not be taken in good faith and pursuant to Floyd, ordered that Callihan was to pay the required filing fee of $105 or the clerk of this court would dismiss his appeal. It is this order that is the subject of this appeal.
 
 
 4
 In Floyd, we discussed the problem of how the plain language of the then recently amended 28 U.S.C. § 1915(a)(3) conflicted with the prior version of Rule 24(a). Specifically, we stated that:
 
 
 5
 Congress has the authority to regulate matters of practice and procedure in the federal courts. Sibbach v. Wilson & Co., 312 U.S. 1, 9-10, 61 S.Ct. 422, 423-25, 85 L.Ed. 479 (1941). Congress delegated some of this power in 1934 by passing the Rules Enabling Act, which gave the Supreme Court the power to promulgate rules of practice and procedure for United States courts. 28 U.S.C. §§ 2071-72. Despite this delegation, Congress maintains a passive, but integral role in implementing any rules drafted by the Supreme Court. All rules are subject to congressional review and become effective only after Congress has had seven months to review the proposed rules or changes. 28 U.S.C. § 2074. The purpose of the review period is to assure that the rules or amendments comply with congressional purpose. Sibbach, 312 U.S. at 15, 61 S.Ct. at 427. Although the Supreme Court has some authority to regulate the federal courts, Congress maintains the power to repeal, amend, or supersede the delegation of authority or the rules of procedure. Jackson v. Stinnett, 102 F.3d 132, 133 (5th Cir.1996).
 
 
 6
 Congress's ability to amend the Federal Rules of Appellate Procedure is limited in two respects. Under the Rules Enabling Act, "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). Facially, the "abrogation clause" seems to invalidate all federal statutes "in conflict" with court rules. The clause, however, has never been read so broadly. By qualifying the clause to say that the offending statutes will not have further effect after the rule takes effect, the provision requires that the offending statute have some effect before the rule's enacting date. Jackson, 102 F.3d at 135. The abrogation clause therefore trumps only statutes passed before the effective date of the rule in question. Id.
 
 
 7
 By contrast, a statute passed after the effective date of a federal rule repeals the rule to the extent of the actual conflict. Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1485 (10th Cir.), cert. denied, 510 U.S. 916, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993). The Supreme Court promulgated the Federal Rules of Appellate Procedure on December 4, 1967, with an effective date of July 1, 1968. See 43 F.R.D. 61, 67, 113. The Supreme Court last amended Rule 24 on March 10, 1986, with an effective date of July 1, 1986. Therefore, under the abrogation clause, Rule 24 does not nullify § 1915. Rather, the PLRA, which was passed in 1996, repealed the inconsistent provisions of Rule 24(a). Jackson, 102 F.3d at 135.
 
 
 8
 The second restriction on Congress's power to amend the federal rules is the general disfavor with which courts view implicit amendments or repeals. Absent a clear statement from Congress, we would be reluctant to hold that the PLRA implicitly amends a federal rule. The statute does not mention Rule 24(a), although the law and rule both govern appeals taken in forma pauperis. Id.
 
 
 9
 Repeals by implication are not favored by the courts. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 2497-98, 96 L.Ed.2d 385 (1987); Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936). However, when provisions of two acts are not reconcilable, the later act constitutes an implied repeal of the earlier statute. Posadas, 296 U.S. at 503, 56 S.Ct. at 352. Therefore, to the extent that Rule 24(a) conflicts with the PLRA, we hold that the statute repeals Rule 24(a). Jackson, 102 F.3d at 136.
 
 
 10
 Floyd, 105 F.3d at 277-78.
 
 
 11
 On December 1, 1998, amendments to Rule 24 became effective. Rule 24(a)(5) provides that:
 
 
 12
 A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).
 
 
 13
 The amendments to Rule 24 have once again created a conflict with § 1915(a)(3) which necessitates our reexamination of Floyd. Consistent with our discussion in Floyd concerning Congress's authority to regulate court procedures, and pursuant to the directives of the Rules Enabling Act, we must abandon our holding in Floyd that once the district court has certified that an appeal from a non-prisoner would not be taken in good faith, the litigant may not proceed in forma pauperis on appeal. Floyd, 105 F.3d at 278.
 
 
 14
 As Rule 24(a)(5) explicitly allows a party to file a motion to proceed on appeal in forma pauperis in the court of appeals, within thirty days after being notified of a denial by the clerk of the district court, the Rules Enabling Act now dictates that a non-prisoner has the ability to file a pauper motion with this court once a pauper motion has been denied by the district court. Thus, under Rule 24(a), a non-prisoner who desires to appeal in forma pauperis must first file a motion seeking such relief with the district court. See Fed. R.App. P. 24(a)(1). With that motion, the individual must attach an affidavit showing in detail the information prescribed by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure: the individual's ability to pay or give security for fees and costs; the right to redress; and the issues the party intends to present on appeal. See id.
 
 
 15
 After this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal. If the district court determines that the individual is not a pauper, that the appeal is not taken in good faith, or that the individual is not otherwise entitled to pauper status, see Fed. R.App. P. 24(a)(4), the district court must state its decision in writing, see Fed. R.App. P. 24(a)(2), and then immediately notify the parties of its decision. See Fed. R.App. P. 24(a)(4).
 
 
 16
 If the party was permitted to proceed in forma pauperis in the district court, the party may proceed on appeal in forma pauperis without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise entitled to proceed as a pauper. See Fed. R.App. P. 24(a)(3).
 
 
 17
 If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with this court for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). This procedure, of course, is slightly different if pauper status is sought in an appeal seeking a review of a decision from an administrative agency, board, commission, or officer where the appeal is directly to the court of appeals. See Fed. R.App. P. 24(b).
 
 
 18
 Thus, our conclusion in Floyd that once the district court certifies an appeal as frivolous, the non-prisoner cannot seek pauper status before this court is no longer the law. An individual now has the ability to move for pauper status before this court by complying with the procedures set forth in Rule 24(a). If the individual does not file a motion within thirty days of receiving notice of the district court's decision as required by Rule 24(a)(5), or fails to pay the required fee within this same time period, the appeal will be dismissed for want of prosecution. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless the individual can demonstrate that he or she did not receive notice of the district court's decision within the time period prescribed for by Rule 24(a)(5). See Floyd, 105 F.3d at 278-79.
 
 
 19
 As the procedures that we have just outlined provide for appellate review of the denial of a motion for in forma pauperis status, an appeal from a district court decision denying pauper status before this court is not necessary. A litigant need only file a proper notice of appeal from a district court order or judgment and then file a pauper motion with the district court. Once the district court denies the pauper motion, the litigant can file a motion for pauper status with this court in accordance with the procedures that we have previously discussed. Any appeal from an order denying pauper status on appeal will not be entertained and shall be dismissed sua sponte.
 
 
 20
 Although we have now determined that Callihan has the ability to seek pauper status before this court under Rule 24(a)(5), Callihan's appeal is nevertheless frivolous and the district court did not err in denying Callihan leave to proceed in forma pauperis. As Callihan is apparently facing state criminal charges, under Heck, Callihan's civil rights action must be dismissed without prejudice until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questioned in a federal habeas corpus petition. See Heck, 512 U.S. at 486-87, 114 S.Ct. 2364.
 
 
 21
 Accordingly, Callihan's request for pauper status on appeal is denied and the case is dismissed.