Dale WILSON, Plaintiff,

v.

James TODD, et al., Defendants.

Civ. No. 01–1339.

United States District Court,
W.D. Tennessee,
Eastern Division.

Dec. 12, 2001.

Dale T. Wilson, Jackson, TN, Pro se.

Joe A. Dyeus, Esq., U.S. Attorney's Office, Memphis, TN, for James D. Todd.

J. Michael Mosier, Esq., Mosier Law Office, Jackson, TN, for Mike Mosier, Linda Wood, Mary Ellen Edwards, Robert P. Edwards.

Milton Dale Conder, Jr., Esq., Rainey Kizer Butler Reviere & Bell, John D. Burleson, Esq., Rainey Kizer Butler Reviere & Bell, Jackson, for Mike Holt, Cathy Ferguson, Jeff Sheppard, Inv., John Doe Austin, Jerry Priddy, Capt., C.J. Chapman, Jackson, City of.

Patrick Wayne Rogers, Rainery, Kizer Butler Reviere & Bell, Jackson, TN, for Medical Center EMS, Jeff Davis.

Judy Barnhill, Jackson, TN, for Judy Barnhill, miscellaneous.

## ORDER OF DISMISSAL ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH NOTICE OF APPELLATE FILING FEE AND ORDER IMPOSING RESTRICTIONS ON FILING PRIVILEGES

DONALD, District Judge.

Plaintiff Dale Wilson, a resident of Jackson, Tennessee, has filed a third complaint against numerous defendants. This latest complaint again arises from plaintiff's arrest on November 6, 1999, by Jackson police officers pursuant to a warrant obtained by an ex-paramour. Plaintiff again names Jackson Police Department Lieutenant Mike Holt, Jackson Police Department Investigators Austin, Cathy Fergeson, Jackson Police Department Captain Jerry Priddy, Jackson City Court Clerk C.J. Chapman, Jeff Sheppard, private parties Mary Ellen Edwards, Robert P. Edwards, and Linda Wood, Medical Center Emergency Medical Services (MCEMS), MCEMS employee Jeff Davis, an unidentified MCEMS emergency medical technician, and the City of Jackson, Tennessee as defendants.

On October 30, 2000, plaintiff filed his first and more extensive lawsuit against these same defendants in *Wilson v. Holt, et al.*, No. 00–1317. The Court sees no need to restate the facts, which are recited in detail in the order of dismissal entered November 29, 2000, at docket entry no. 7. The order dismissed plaintiff's claims of violations of his Fourth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 for false arrest or prosecution, conspiracy, deprivation of personal property, treatment at the Jail, and medical treat-

ment.[1] That case is now on appeal to the United States Court of Appeals for the Sixth Circuit.

Simultaneously with the filing of the federal lawsuit, plaintiff filed suit in Madison County Circuit Court against defendants Robert Edwards and Mary Edwards, alleging various state law claims. After the dismissal of the federal lawsuit, plaintiff filed a motion to amend his state court complaint to add the defendants and claims dismissed in his federal lawsuit. The newly-added defendants then removed that action to federal court with the consent of defendants Robert and Mary Edwards. The case proceeded as *Wilson v. Holt, et al.,* No. 01–1213. *See id.* at docket entries no. 22 (Order granting summary judgment to defendants Holt, Jackson Police Department, City of Jackson, Fergeson, Sheppard, John Doe Austin, and Jerry Priddy, Sept. 14, 2001), no. 23 (Order granting summary judgment to defendant Chapman, Sept. 18, 2001), no. 29 (Order of partial dismissal on § 1983 claims against Robert and Mary Edwards, and dismissal of all claims against Linda Wood, Oct. 4, 2001), no. 46 (Order dismissing claims against defendants MCEMS and Jeff Davis, Nov. 15, 2001), no. 47 (Order remanding remaining state law claims of outrageous conduct, malicious prosecution, slander, breach of contract, and inducement to breach contract against Robert and Mary Edwards to state court). Plaintiff filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit in that case on November 15, 2001.

 Plaintiff now seeks to reassert all previously dismissed claims against the defendants. Those claims are all fully within the scope of the above cases, and are barred by res judicata, or claim preclusion. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). To apply the doctrine of res judicata, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the parties or their privies in the two suits; and (3) identity of the cause of action or claims between both suits. *Blonder–Tongue Laboratories v. Univ. of Ill. Foundation,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir.1995); *Wade v. Hopper,* 993 F.2d 1246, 1252 (7th Cir.1993). These factors unquestionably exist in this case. Plaintiff previously sued each of these defendants and the Court granted those defendants' motions for summary judgment or to dismiss.

Furthermore, to the extent plaintiff's allegations against those defendants are inconsistent or differ from the previous two cases, those claims should have been raised in the previously filed actions.

> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief—the courts have denied the plaintiff a second bite at the apple.

*Lubrizol Corp. v. Exxon Corp.,* 871 F.2d 1279, 1288 (5th Cir.1989). *See also The*

---

1. The order of dismissal pointed out that plaintiff had an adequate state law remedy for his property deprivation claims which he had failed to invoke.

*Restatement (Second) Judgments* § 51 (1982). In this case, the claims asserted against Jackson Police Department Lieutenant Mike Holt, Jackson Police Department Investigators Austin, Cathy Fergeson, Jackson Police Department Captain Jerry Priddy, Jackson City Court Clerk C.J. Chapman, Jeff Sheppard, private parties Mary Ellen Edwards, Robert P. Edwards, and Linda Wood, Medical Center Emergency Medical Services (MCEMS), MCEMS employee Jeff Davis, an unidentified MCEMS emergency medical technician, and the City of Jackson, Tennessee are derived solely and wholly from the plaintiff's failed love affair and arrest on November 6, 1999. Those claims are barred by both the claim and issue preclusion branches of the res judicata doctrine. *See* C. Wright, *Law of Federal Courts,* § 100A at 680, 682 (1983).[2]

■ This complaint also presents two new claims against two new defendants. Plaintiff sues private attorney Mike Mosier alleging that Mosier pretended to assist prosecutors in his criminal prosecution on September 22, 2000, as a special prosecutor paid by defendant Robert Edwards. However, plaintiff does not allege any acts of prosecutorial misconduct during his criminal trial and, indeed, alleges that he was acquitted. Plaintiff further alleges that Mosier "spoke not one word throughout the day long trial" but merely maintained a presence "to dissuade the district attorney's office from dropping" the case.

Even though *pro se* complaints are held to a less stringent standard than those drafted by attorneys, the complaint must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. *Moralez v. Thiede,*

828 F.Supp. 492, 493 (E.D.Mich.1993). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993).

Plaintiff's allegations are insufficient to establish any viable state or federal claim. Indeed, plaintiff fails to allege any action by Mosier during the trial. Mosier's mere presence at plaintiff's criminal trial is insufficient to demonstrate any active part in instigating or encouraging the prosecution. "He is not liable merely because of his approval or silent acquiescence in the acts of another ..." W.L. Prosser, *Law of Torts* 836–37 (4th ed.1971). When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters,* 753 F.2d 498, 500 (6th Cir.1985). Furthermore, it is settled Tennessee law that the decision whether to prosecute rests entirely within the discretion of the district attorney general. *Ramsey v. Town of Oliver Springs,* 998 S.W.2d 207, 210 (Tenn.1999); *see* Tenn. Const. art. VI § 5; Tenn.Code Ann. § 8–7–103(1993).

■ Plaintiff also sues United States District Judge James Todd. However, plaintiff only complains that Judge Todd issued legal rulings with which the plaintiff disagrees. A judge of a court of general jurisdiction enjoys absolute immunity from civil suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 359–60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386

---

**2.** This order does not address plaintiff's state law claims of outrageous conduct, malicious prosecution, slander, breach of contract, and inducement to breach contract against Robert

and Mary Edwards which were remanded to state court on November 15, 2001, in case no. 01–1213.

U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir.1997). "This far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *DePiero v. City of Macedonia,* 180 F.3d 770, 783–84 (6th Cir.1999) (citations omitted). The only exceptions to the protection of absolute judicial immunity are liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, and actions which, though judicial in nature, are taken in the complete absence of all jurisdiction. *Id.* (citing *Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286). A judicial action is one that is integrally related to the judge's performance of the adjudicative function. *Mireles v. Waco,* 502 U.S. at 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)(per curiam)(holding that judge's direction to courtroom deputies to find counsel in another court and forcibly bring him into the courtroom is judicial act because the act is one that is normally performed by a judge); *Forrester v. White,* 484 U.S. 219, 227–29, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)(explaining distinction between judicial and non-judicial actions and holding that absolute immunity does not attach to non-judicial administrative decisions regarding employment of court personnel); *Stump,* 435 U.S. at 362, 98 S.Ct. 1099 (holding that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge ...."); *DePiero,* 180 F.3d at 784 (same).

Applying this jurisprudence to plaintiff's claim against Judge Todd, these claims plainly arise purely out of decisions made in the previous cases filed by plaintiff in this district. Those acts, therefore, are unquestionably judicial actions, for which Judge Todd is protected by absolute immunity.

Accordingly, as this complaint seeks to assert claims based on an "indisputably meritless legal theory" of plaintiff's right to seek relief twice on the same claims or issues, claims which fail to state a claim upon which relief may be granted, claims barred by absolute immunity, and claims lacking an arguable basis either in law or in fact, and is frivolous, *see Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and Fed.R.Civ.P. 12(h)(3).

■ The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

■ The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead the Court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal *in forma pauperis.*

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth,* 114 F.3d 601, 612–13 (6th Cir.1997); *Callihan v. Schneider,* 178 F.3d 800 (6th Cir.1999), apply to any appeal filed by the plaintiff in this case. If plaintiff files a notice of

appeal, he must pay the entire $105 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] or attempt to renew his request for leave to appeal *in forma pauperis* by filing "within thirty days after service of the district court's decision as prescribed by Fed. R.App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." *Callihan,* 178 F.3d at 803. Under *Callihan,* if the appellant does not within this thirty-day period either file the required motion nor pay the filing fee, the appeal will be dismissed for want of prosecution. If the appeal is dismissed, it will not be reinstated once the fee is paid. *Id.* at 804.

■ Furthermore, the repetitive and consistently frivolous nature of Wilson's pleadings demonstrates a marked propensity to abuse the judicial system in an attempt to harass the defendants as well as the Court. *See Filipas v. Lemons,* 835 F.2d 1145 (6th Cir.1987). This Court has the obligation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

*In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984). *See also Winslow v. Romer,* 759 F.Supp. 670, 677–78 (D.Colo.1991); *Kersh v. Borden Chemical, Div. of Borden, Inc.,* 689 F.Supp. 1442, 1452–53 (E.D.Mich. 1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. *See Filipas v. Lemons. See also Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins,* 795 F.2d 900 (10th Cir.1986); *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986); *Franklin v. Murphy,* 745 F.2d 1221, 1232 (9th Cir.1984); *In re Green,* 215 U.S.App. D.C. 393, 669 F.2d 779 (D.C.Cir. 1981)(per curiam); *Green v. Warden,* 699 F.2d 364 (7th Cir.1983); *Green v. White,* 616 F.2d 1054, 1056 (8th Cir.1980) (per curiam); *Gordon v. U.S. Department of Justice,* 558 F.2d 618 (1st Cir.1977); *Gambocz v. Yelencsics,* 468 F.2d 837 (3d Cir. 1972). The Court must take care not to impose restrictions that would preclude the party from all access to the courts. *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986); *Sires v. Gabriel,* 748 F.2d 49, 51 (1st Cir.1984).

■ The Court has considered how to prevent Wilson from continuing to abuse the judicial system by continuously attempting to litigate the same or similar frivolous claims, without also completely precluding his access to the courts. *See, e.g., Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir.1986)(limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access). *See also Lyons v. Randall,* 834 F.2d 493, 496 (5th Cir.1987)(sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity).

---

**3.** The fee for docketing an appeal is $100. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

Accordingly, this Court ORDERS that plaintiff shall file no further documents in this case and shall not file any other case in which he seeks to relitigate matters which arise in any manner from his failed love affair with defendant Mary Edwards, arrest on November 6, 1999, incarceration, and criminal trial on September 22, 2000. The Clerk is ORDERED not to file or otherwise accept any other documents for filing in this action or any new action which attempt to relitigate these matters unless specifically directed to do so by a district judge or magistrate judge of this district. Any further documents in this case or any other documents attempting to relitigate these matters shall be returned to Wilson.

*Wilson v. Holt, et al.,* No. 00–1317, is now on appeal to the Sixth Circuit and Wilson must file further documents related to the claims presented in that lawsuit with the Sixth Circuit rather than by initiating new lawsuits in futile attempts to relitigate those matters. Likewise, he must present further argument on this remanded state claims raised *Wilson v. Holt, et al.,* No. 01–1213, to the state court. To the extent that Wilson perfects the appeal of the dismissed federal claims in *Wilson v. Holt, et al.,* No. 01–1213, he must file any further documents related to those claims with the Sixth Circuit.

Furthermore, should Wilson violate this order, the Court will then impose further sanctions against him, including a monetary fine. Moreover, any case submitted by Wilson to another Court that is thereafter removed or transferred to this district will result in the same sanctions as if it had been filed here.