**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**TWENTY–SIX THOUSAND DOLLARS,
U.S. CURRENCY, more or less,
Defendant,**

**Virginia Brown Prather,
Claimant–Appellant.**

No. 02–1209.

United States Court of Appeals,
Sixth Circuit.

May 12, 2003.

---

Before: MOORE and ROGERS, Circuit Judges; and HOOD, District Judge.[*]

### ORDER

Virginia Brown Prather appeals pro se a district court judgment dismissing her miscellaneous action claiming $26,000 in United States currency construed as being filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 12, 2001, Prather filed a claim to property in a concluded forfeiture proceeding. The property, $26,000, was seized from her on or around November 30, 1985, by members of a federal airport task force. The currency was forfeited in 1986.

The district court construed Prather's action as one seeking relief from judgment pursuant to Fed.R.Civ.P. 60(b) and dismissed Prather's claim as legally deficient as it was untimely filed, denied Prather permission to proceed in forma pauperis on appeal, and certified that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). Prather moved the court pursuant to Fed. R.App. P. 24(a)(5) to grant her permission to proceed in forma pauperis on appeal. The court denied Prather pauper status because an appeal would be frivolous. *See Callihan v. Schneider,* 178 F.3d 800, 804 (6th Cir. 1999). Prather paid the filing fee, and on appeal reasserts her challenge to the validity of the 1986 forfeiture action. She claims that she lacked notice of the 1986 forfeiture proceeding because notice was given only through publication, and she argues that personal service was required.

This court reviews the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998); *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). A district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an incorrect legal standard, or applies the law incorrectly. *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir.2001). An abuse of discretion has been defined as a " 'definite and firm conviction that the trial court committed a clear error of judgment.' " *Byers,* 151 F.3d at 578–79 (quoting *Logan v. Dayton Hudson Corp.,* 865

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

F.2d 789, 790 (6th Cir.1989)). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *Browder v. Dir., Dep't of Corrs.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

Upon review, we conclude that the district court did not abuse its discretion when it denied Prather's motion, which is construed as filed pursuant to Fed. R.Civ.P. 60(b). The party seeking to invoke the Rule bears the burden of establishing that its prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001). Prather failed to demonstrate the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6).

A Rule 60(b) motion must be made within a reasonable time. The motion shall be made within a reasonable time, and for reasons 60(b)(1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Prather waited over fifteen years after the currency was forfeited before filing her Rule 60(b) motion. Thus, any attempt to obtain relief from judgment pursuant to reason one, two, and three of Rule 60(b) is untimely. The residual clause is reason six and it may afford relief only in exceptional circumstances which are not otherwise addressed by the first five reasons of the rule. *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir.1993). Reason six is properly invoked in unusual and extreme situations where principles of equity mandate relief.

*Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990).

There are no unusual or extreme circumstances in this case. The record reveals that Prather has initiated two previous actions (in 1990 and 1991) in which she sought to pursue her present claim for the currency. She failed in both instances and did not appeal. Thus, the district court properly dismissed Prather's motion.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of December 14, 2001.