NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1298

CHARLES PHILLIP MAXWELL,

Plaintiff-Appellant,

v.

THE STANLEY WORKS, INC., GEORGE WANNOP,
and MIDLAND DESIGN, INC.,

Defendants-Appellees,

and

HUSKY PROFESSIONAL TOOLS,

Defendant-Appellee.

Charles Phillip Maxwell, of Nashville, Tennessee, pro se.

William P. Atkins, Pillsbury Winthrop Shaw Pittman, LLP, of McLean, Virginia, for defendants-appellees. Of counsel were Guillermo E. Baeza and William B. Jakes, III.

Appealed from: United States District Court for the Middle District of Tennessee

Judge William J. Haynes, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1298

CHARLES PHILLIP MAXWELL,

Plaintiff-Appellant,

v.

THE STANLEY WORKS, INC., GEORGE WANNOP,
and MIDLAND DESIGN, INC.,

Defendants-Appellees,

and

HUSKY PROFESSIONAL TOOLS,

Defendant-Appellee.

Appeal from the United States District Court for the Middle District of Tennessee in case no. 3:06-CV-0201, Judge William J. Haynes, Jr.

_____

DECIDED:  January 8, 2008

_____

Before MICHEL, <u>Chief Judge</u>, RADER and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Charles Phillip Maxwell (Maxwell), appeals the July 11, 2006 decision of the United States District Court for the Middle District of Tennessee granting Midland Design, Inc. (Midland) and George Wannop's (Wannop) joint motion to dismiss, as well as The Stanley Works' (Stanley) motion to dismiss his causes of action for failure to state a claim upon which relief could be granted.  We <u>affirm</u>.

BACKGROUND

This is a dispute over patent ownership. Maxwell claims he is the sole inventor of a rotational ratchet wrench that was later patented by Midland with Wannop listed as the sole inventor. In 1981, Maxwell allegedly offered to sell a wrench invention to Stanley. Maxwell alleges that Stanley declined the offer and on or about this same time he abandoned a patent application for his wrench invention. On October 22, 1991, the United States Patent and Trademark Office (PTO) issued United States Patent No. 5,058,463 (the '463 patent) for a "Ratchet Wrench with Dual Rotating Constant Drive Handle." The '463 patent was assigned to Midland and Wannop is listed as the sole inventor. On September 14, 2002, Midland licensed the '463 patent to Stanley and the license was recorded at the PTO on May 5, 2003.

On March 13, 2006 Maxwell filed a complaint seeking, among other things a declaratory judgment that: (1) he is the owner and sole inventor of the '463 patent; (2) the same patent is void; and (3) alternatively that he has co-ownership of the patent. Maxwell alleges that the wrench described in the '463 patent is the same wrench he invented and offered for sale to Stanley in 1981.

Stanley filed a motion to dismiss on May 25, 2006, which was sent to a residence instead of Maxwell's "general delivery" address of record. On June 12, 2006, Maxwell filed an opposition to Stanley's motion to dismiss as well as two other motions, in which Maxwell urged the court to set aside Stanley's motion to dismiss for improper service. On June 13, 2006, Midland and Wannop also moved to dismiss Maxwell's complaint.

In an order signed on June 28, 2006, the court concluded that Maxwell had actual notice of Stanley's motion to dismiss as of May 31, 2006, as Maxwell stated as

much in his motion, and therefore Maxwell had ample time to respond. Nevertheless, the court ordered Stanley to serve the motion to dismiss to Maxwell's "general delivery" address of record after which Maxwell would have ten days in which to file "any additional evidence in opposition to Stanley's motion to dismiss."

On June 30, 2006, Maxwell filed a revised response in opposition to Stanley's motion to dismiss which had comments relating to both pending motions to dismiss. Stanley filed its notice of compliance with the order to serve the motion to dismiss to Maxwell at the "general delivery" address of record on July 5.

On July 11, 2006, the trial court issued an order granting the appellees' motions to dismiss. Maxwell appealed. This court has jurisdiction over this matter pursuant to 38 U.S.C. § 1295(a)(1).

DISCUSSION

First, Maxwell argues that his due process rights were violated when the district court granted Stanley's motion to dismiss without allowing Maxwell ten days to respond. We do not agree. "The essential requirements of due process . . . are notice and an opportunity to respond." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Maxwell conceded to receiving Stanley's motion to dismiss on May 31, 2006, despite the fact that the motion was sent to a residence instead of the "general delivery" address on record with the court. Twelve days later, on June 12, 2006, Maxwell filed a twenty-three page opposition. The district court stated that Maxwell would have ten days "in which to file any additional evidence in opposition to Stanley's motion to dismiss," after Stanley served the motion to Maxwell at the "general delivery" address of record. Maxwell filed a revised response in opposition on June 30, 2006. Stanley filed

its notice of compliance on July 5. On July 11, 2006 the district court granted appellees' motions to dismiss. Though the July 11 district court order issued fewer than ten days after Stanley filed its notice of compliance, the July 11 order did not fail to comport with due process. Maxwell had actual notice of Stanley's motion to dismiss as of May 31, had the opportunity to respond, and in fact filed a revised response before the district court issued its order dismissing the case. Therefore Maxwell's due process rights were not violated.

Second, Maxwell argues that the Supreme Court's decision in MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764, 771 (2007), which was decided after the district court's decision, requires a reversal of the district court's dismissal of the declaratory judgment claim for invalidity. Prior to MedImmune, our case law required that there be "both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." See, e.g., BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993). However, "[t]he Supreme Court's opinion in MedImmune represents a rejection of our reasonable apprehension of suit test." SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1380 (Fed. Cir. 2007).

In MedImmune, the Supreme Court held that for a court to have jurisdiction over a declaratory judgment "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant" relief. 127 S. Ct. at 771. Under the MedImmune standard, Maxwell still falls short of presenting a case or controversy

necessary to provide a court with subject matter jurisdiction over a declaratory judgment. Maxwell proffers and avers no evidence of adverse legal interests of sufficient immediacy and reality. Maxwell presents no evidence that he is engaging in activity that would subject him to a patent infringement suit. Further, the record does not show that Midland or Wannop have taken a position that puts Maxwell in the situation of either "pursuing arguably illegal behavior or abandoning that which he claims a right to do." SanDisk Corp., 480 F.3d at 1381. Thus, Maxwell's declaratory judgment claims were properly dismissed for lack of subject matter jurisdiction.

We have considered, but reject the remainder of Maxwell's arguments.[1] Because Maxwell failed to state a claim upon which relief could be granted, we affirm the judgment of the district court.

---

[1] Appellees argue that this case should be dismissed for procedural reasons. Appellees contend that Sixth Circuit case law interpreting Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3) requires Maxwell to pay his filing fees within thirty days of the district court's certification that an appeal in forma pauperis (IFP) would not be taken in good faith. See Callihan v. Schneider, 178 F.3d 800, 803 (6th Cir. 1999). However, as Sixth Circuit case law instructs us to construe filings by pro se litigants liberally, we decline to dismiss Maxwell's appeal, which was filed within the thirty day window, because Maxwell paid the required filing fees thirty-eight days after the district court's certification. See Owens v. Keeling, 461 F.3d 763, 776 (6th Cir. 2006) ("It is understandable that Owens . . . proceeding pro se, would not be apprised of the specific procedure that is set forth in Rule 24(a)(5) for pursuing IFP status on appeal . . . .").