IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

FOR PUBLICATION
July 19, 1999
Filed: July 19, 1999
Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES N. RAMSEY, District Attorney General, Seventh Judicial District, | ) ) ) ) | |
| Appellee, | ) ) ) ) | ROANE CHANCERY |
| Vs. | ) ) ) ) ) | HON. FRANK V. WILLIAMS, III, CHANCELLOR |
| TOWN OF OLIVER SPRINGS, A Municipal Corporation under the Law of Tennessee, et al., | ) ) ) ) | ) NO. 03-S-01-9807-CH-00073 |
| Appellants. | ) | |

**For Appellants:**

James M. Webster
Oak Ridge, Tennessee

**For Appellee:**

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Gordon W. Smith
Associate Solicitor General
Nashville, Tennessee

# O P I N I O N

COURT OF APPEALS AFFIRMED                    ANDERSON, C.J.

We granted this appeal to determine whether the City Court for the Town of Oliver Springs, which sits in Roane County, Tennessee, may properly adjudicate a criminal case in which the offense was committed in Anderson County.

The District Attorney General for Anderson County brought this declaratory judgment action against the Town of Oliver Springs seeking a judgment that the town's policy and practice of prosecuting Anderson County cases in Roane County is illegal. Portions of the Town of Oliver Springs are located in three different counties, Anderson, Roane, and Morgan, but Oliver Springs' city court is physically located in Roane County.

The Chancellor held that the city court was authorized to adjudicate such cases pursuant to 1994 Tenn. Priv. Acts, ch. 137, § 1, provided that a defendant waives the constitutional right to be tried in the county where the offense is committed. The Court of Appeals reversed, holding that a defendant does not have an unqualified right to waive venue and that the Town of Oliver Springs' application of the Private Act impeded the District Attorney General's duty to prosecute crimes committed in Anderson County.

We agree with the Court of Appeals that the Town of Oliver Springs' policy and practice pursuant to the Private Act is unconstitutional as applied in this case because it impedes the District Attorney General's constitutional and statutory obligation to prosecute offenses committed in Anderson County. Tenn. Const. art. VI, § 5. We therefore do not reach the issue of a defendant's right to waive venue under Tenn. Const. art. I, § 9. The Court of Appeals' judgment is therefore affirmed, but upon the single ground stated herein.

## BACKGROUND

After the declaratory judgment action was filed, a hearing was held before the Chancellor in which the parties stipulated to the following:

That the Town of Oliver Springs includes portions of Anderson, Roane and Morgan Counties.

That the physical location of the City Court for Oliver Springs is in Roane County.

That the duly elected Judge of the City Court for Oliver Springs is Defendant Joseph Van Hook. That the duly elected District Attorney General for Anderson County, which is the Seventh Judicial District, is Plaintiff James N. Ramsey.

That Defendant Grant Lowe is Police Chief for the Town of Oliver Springs and Chief Lowe brings persons charged in the Anderson County portion of Oliver Springs before Judge Joe Van Hook sitting as a Court in Roane County.

That Joseph Van Hook as Judge of the City Court for Oliver Springs has presided as a Judge with General Sessions Court for [sic] criminal jurisdiction sitting in Roane County over criminal charges which arose in the Anderson County portion of Oliver Springs over the objection of the Plaintiff District Attorney for Anderson County.

That waivers of venue have not been obtained from all of the Defendants charged with committing crimes in Anderson County who appeared before Court. That the Court now requires a "waiver of venue" before accepting guilty pleas.

That the Defendants, absent a ruling from a Court of competent jurisdiction, intend pursuant to 1994 Tenn. Private Acts, Ch. 127 [sic] to continue exercising the criminal jurisdiction for a Sessions Court in the City Court of Oliver Springs located in Roane County over charges of crimes committed in Anderson County.

In the hearing, James Ramsey, the District Attorney General for the Seventh Judicial District, objected to the prosecution of offenses committed in Anderson County in the City Court sitting in Roane County. He argued that offenses committed in Anderson County must be prosecuted in Anderson County, and that the policy and practice followed by the Town of Oliver Springs impeded his ability to discharge the responsibilities of his office. The District Attorney General also argued that a defendant does not have an unqualified right to waive venue.

The Town of Oliver Springs responded by relying upon 1994 Tenn. Priv. Acts ch. 137, § 1, which states in part:

(d)     The City Judge shall be vested with concurrent jurisdiction with courts of general sessions for violations of criminal laws, and shall try all offenses against the peace and dignity of the town of Oliver Springs.

(e)     The City Judge shall also have jurisdiction in and over all cases arising under the state laws and ordinances of the town of Oliver Springs and all cases relative to the violation of such laws and ordinances and offenses against the state or the town of Oliver Springs.

Id. Oliver Springs defended its practice under the Private Act and argued that a defendant may properly waive the right to venue under Tenn. Const. art. I, § 9. The Chancellor agreed and upheld the practice of trying Anderson County cases in the city court in Roane County under the Private Act.

On appeal, the Court of Appeals observed that the Private Act was constitutional on its face. The Court of Appeals concluded, however, that a defendant does not have an absolute right to waive venue[1] and that prosecuting Anderson County cases in the city court located in Roane County impinged upon the District Attorney General's obligation to discharge the function of his office by prosecuting offenses committed in his district.

We granted the Town of Oliver Springs' application for permission to appeal.

## ANALYSIS

A District Attorney General is an elected constitutional officer whose function is to prosecute criminal cases in his or her circuit or district. E.g., State v. Superior Oil, Inc., 875 S.W.2d 658, 660 (Tenn. 1994). The Tennessee Constitution states in part:

---

[1]     The court observed that only two provisions address the waiver of venue, Tenn. R. Crim. P. 21 and Tenn. Code Ann. § 40-35-214 (1997). Rule 21(a) allows a change of venue "upon motion of the defendant, or upon the court's own motion with the consent of the defendant, if it appears to the court that, due to undue excitement against the defendant in the county where the offense was committed or any other cause, a fair trial probably could not be had." Id. Section 40-35-214 authorizes a change in venue upon the written consent of the defendant for the purpose of allowing him or her to plead guilty in one proceeding to charges pending in more than one county. The statute provides, however, that the defendant's waiver is "subject to the approval of the district attorney general and the court having criminal jurisdiction for each county." Id.

An Attorney for the State for any circuit or district, for which a Judge having criminal jurisdiction shall be provided by law, shall be elected by the qualified voters of such circuit or district . . . . In all cases where the Attorney for any district fails or refuses to attend and prosecute according to law, the Court shall have the power to appoint an Attorney pro tempore.

Tenn. Const. art. VI, § 5.

The legislature has codified many of the District Attorney General's duties and responsibilities. Foremost among them is that "[e]ach district attorney general . . . [s]hall prosecute in the courts of the district all violations of the state criminal statutes and perform all prosecutorial functions attendant thereto, including prosecuting cases in a municipal court where the municipality provides sufficient personnel to the district attorney general for that purpose." Tenn. Code Ann. § 8-7-103(1) (Supp. 1998). The District Attorney General's discretion to seek a warrant, presentment, information, or indictment within its district is extremely broad and subject only to certain constitutional restraints. Superior Oil, 875 S.W.2d at 660; Dearborne v. State, 575 S.W.2d 259, 262 (Tenn. 1978); Quillen v. Crockett, 928 S.W.2d 47, 50-51 (Tenn. Crim. App. 1995).

The District Attorney General and only the District Attorney General can make the decision whether to proceed with a prosecution for an offense committed within his or her district. As we observed in Superior Oil:

[T]here are no statutory criteria governing the exercise of the prosecutorial discretion traditionally vested in the officer in determining whether, when, and against whom to institute criminal proceedings. Indeed, it has been often recognized that "prosecutorial discretion in the charging process is very broad." So long as the prosecutor has probable cause to believe that the accused committed an offense, the decision whether to prosecute, and what charge to bring before a grand jury generally rests entirely within the discretion of the prosecution . . . .

Id. at 660 (emphasis added) (footnotes omitted). Similarly, in Dearborne, the office of District Attorney General was described as follows:

[The District Attorney General] is answerable to no superior and has virtually unbridled discretion in determining whether to prosecute and for

what offense. No court may interfere with [the] discretion to prosecute, and in the formulation of this decision, he or she is answerable to no one. In a very real sense this is the most powerful office in Tennessee today. Its responsibilities are awesome; the potential for abuse is frightening.

Id. at 262 (quoting Pace v. State, 566 S.W.2d 861, 867 (Tenn. 1978) (Henry, C.J., concurring)). Were it otherwise, prosecutorial discretion would rest not with the District Attorney General, but with police officers who may arrest with or without a warrant depending on the circumstances. This is, in fact, precisely the harm created by the policy and practice employed by the Town of Oliver Springs.

In Superior Oil, we commented on the broad prosecutorial discretion inherent in the constitutional office of District Attorney General in addressing the constitutionality of the Water Quality Control Act of 1977. The Act required that a District Attorney General or a grand jury obtain the permission of the Water Quality Control Board or the Commissioner of the Department of Health and Environment before issuing a warrant, presentment or indictment charging a violation of the Act. We concluded:

> The effect of . . . requiring that the district attorney general obtain written authorization from either the Board or the Commissioner before issuing a warrant or seeking an indictment for a criminal violation of the Water Quality Control Act of 1977, is to partially divest the district attorney general of the broad prosecutorial discretion and awesome responsibility inherent in the constitutional office. Although the General Assembly may enact laws prescribing or affecting the "procedures for the preparation of indictments or presentments," it cannot enact laws which impede the inherent discretion and responsibilities of the office of district attorney general without violating Article VI, § 5 of the Tennessee Constitution.

Superior Oil, Inc., 875 S.W.2d at 661 (second emphasis added) (footnote omitted). Accordingly, we held that this portion of the Act was unconstitutional.

We agree with the Court of Appeals that the Private Act, as applied by the Town of Oliver Springs, violated Tenn. Const. art. VI, § 5. The Private Act, while facially valid, served as the basis upon which the Town of Oliver Springs prosecuted offenses committed in Anderson County in a city court located in Roane County. When the Act was applied in this manner, i.e., allowing the Oliver Springs Police Chief to take

defendants who have allegedly committed crimes in Anderson County before the city court in Roane County, Oliver Springs' policy and practice impeded the constitutional and statutory obligation of the District Attorney General for Anderson County to discharge the duties of his office. We agree with the intermediate court that such an impediment violates Tenn. Const. art. VI, § 5. We therefore do not reach the waiver issue and affirm the Court of Appeals' judgment on the grounds stated.

## CONCLUSION

We conclude that the Town of Oliver Springs' application of 1994 Private Act, ch. 137, § 1, which permits offenses committed in Anderson County to be heard in the city court located in Roane County, violates Tenn. Const. art. VI, § 5. We affirm the judgment of the Court of Appeals on that ground. Costs of the appeal shall be paid by the appellants, for which execution shall issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

**Concur:**
Drowota, Birch, Holder and Barker, JJ.