IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## CHAD DANIEL EASTERLY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 01CR083     James E. Beckner, Judge**

**No. E2001-03042-CCA-R3-PC**
**August 12, 2002**

The Defendant, Chad Daniel Easterly, pled guilty to kidnapping and evading arrest. The plea agreement included an effective eight year sentence as a Range I standard offender. The Defendant subsequently filed a post-conviction petition, alleging that his convictions were the result of ineffective assistance of counsel and prosecutorial misconduct. After a hearing, the trial court denied relief. The Defendant now appeals as of right. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Douglas Payne, Greeneville, Tennessee, for the appellant, Chad Daniel Easterly.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Eric Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was originally indicted for committing an especially aggravated kidnapping against his wife, Jodi Easterly. Ms. Easterly testified at the post-conviction hearing that, at the time of the offense, she and the Defendant were separated. She agreed to a meeting with the Defendant at a car wash. Upon their meeting, she testified, they argued. She then got into his pickup truck, which was subsequently stopped by the police. Ms. Easterly testified that she told the police at the scene that the Defendant had pointed a loaded gun at her. She testified at the hearing that her statement to the police was false and that the Defendant had not pointed a loaded gun at her. She testified that she got into the truck with the Defendant "on [her] own free will." She admitted that there was a gun in the truck, but testified that it had not been loaded.

Ms. Easterly testified that she was "almost certain" that, during her initial meeting with the district attorney, she told "the truth," i.e. that the Defendant's gun had been neither loaded nor pointed at her. She also met several times with defense counsel prior to the Defendant's plea, volunteering to testify consistently with her post-conviction testimony. She stated that defense counsel told her that the "judge would not hear [her] change of statement."

On cross-examination, Ms. Easterly admitted that the Defendant had previously assaulted her, been charged, and that she had obtained a dismissal of the charges. She further admitted that, at the scene, the Defendant told the officers, "I've got a hostage." She also admitted that she had soiled herself during the incident.

The Defendant testified that he hired his attorney, William Bell, approximately two weeks prior to his trial date. He said that he met with Mr. Bell two or three times while he was in jail. He stated that he knew his wife had changed her story before he pled guilty. The Defendant testified that he entered a best-interest plea to kidnapping because he was "scared" by the prospect of serving twenty-five years at one hundred percent.[1] The Defendant testified further that the gun he had in his truck was unloaded, but admitted that he had bullets in the cab. He also testified that he had been drinking "[q]uite heavily" on the night in question.

Attorney William H. Bell testified that the Defendant hired him approximately five days prior to the trial date. He obtained full discovery on the case. He spoke with the officers involved, as well as with Ms. Easterly and the Defendant. He testified that his trial strategy was to develop some sympathy on the jury for the Defendant, because the Defendant had discovered that Ms. Easterly had been unfaithful to him and the knowledge was "driving him crazy." He also planned to rely on the fact that Ms. Easterly had recanted much of her initial statement, and it was "obvious" that the alleged victim did not want the Defendant punished.

Mr. Bell testified that, in his opinion, the jury would convict the Defendant of something and it was just a matter of degree. Mr. Bell stated, "I was wanting to work out the best plea agreement we could because I felt like, in the end, the jury was going to convict him." He also testified that the Defendant felt very strongly that his wife had done him wrong, and that he "was afraid if [the Defendant] took the stand and wasn't sufficiently sorry in front of the jury about all the terrible things that had happened on that evening, that the jury would become angry and slam him."

---

[1]The Range I sentence for especially aggravated kidnapping is fifteen to twenty-five years. See Tenn. Code Ann. §§ 39-13-305(b)(1), 40-35-112(a)(1). The sentence must be served at one hundred percent. See id. § 40-35-501(i)(1), (2)(C).

## ANALYSIS

In this petition for post-conviction relief, the Defendant claims that his convictions are constitutionally impaired as the result of ineffective assistance of counsel and prosecutorial misconduct. To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

We first address the Defendant's claim that he received ineffective assistance of counsel. Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. See Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999). This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks, 983 S.W.2d at 246.

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

In support of his claim that he received ineffective assistance of counsel, the Defendant asserts on appeal[2] that Mr. Bell "refused to present the evidence of the victim's recanted testimony or of the Defendant's diminished capacity, i.e. intoxication." The Defendant misstates the facts. The proof adduced at the post-conviction hearing established that defense counsel concluded that a jury would likely convict the Defendant of some offense, and that the Defendant pled guilty because he was "scared" of the prospect of being sentenced to twenty-five years at one hundred percent. Defense counsel did not "refuse" to do anything. Rather, the Defendant and defense counsel decided together that a plea agreement was in the Defendant's best interest.

The trial court found that defense counsel's evaluation of the Defendant's case was "reasonable" and that the plea agreement was "reasonable and a good tactic." The court specifically concluded that "Mr. Bell did effectively represent" the Defendant. The trial court found that Ms. Easterly's recantation "is simply not credible" and found further that, given her "volatile personality, . . . no one could be certain what her testimony would be when she got on the witness stand."

The Defendant has failed to demonstrate that his counsel committed errors so grievous as to deny him the effective assistance of counsel. Accordingly, this issue is without merit.

The Defendant next contends that his kidnapping conviction is the result of prosecutorial misconduct. He asserts that, because Ms. Easterly had recanted her original statement to the police by the time she met with the district attorney's office, "no case was to be had for a kidnapping charge of whatever degree." The Defendant claims that he was prosecuted in this case because Ms. Easterly had earlier begun and dismissed a similar case, and in spite of "a question . . . concerning the key witness['s] testimony and overall truthfulness."

The gist of the Defendant's claim of prosecutorial misconduct is that the district attorney had insufficient evidence on which to proceed. We disagree. A videotape of the police stop reveals, as found by the trial court, "a scene of extreme fear and violence." Ms. Easterly can be heard telling the police that the Defendant forced her into the pickup by pointing a gun at her. That Ms. Easterly may later have recanted this statement did not render the Defendant's actions any less amenable to prosecution: rather, it simply created a jury question as to which of Ms. Easterly's version of events was the more credible.

As our supreme court has repeatedly recognized,
> [T]here are no statutory criteria governing the exercise of the prosecutorial discretion traditionally vested in the officer in determining whether, when, and against whom to institute criminal

---

[2]In his petition for post-conviction relief, the Defendant alleged that his lawyer was ineffective in failing to thoroughly investigate the case, failing to interview witnesses, and failing to have his competency tested. At the hearing, however, the Defendant offered no proof as to what additional investigation defense counsel should have undertaken, what additional witnesses should have been interviewed, or what a competency evaluation would have revealed. These unsupported allegations of ineffective assistance therefore provide no basis for relief.

proceedings. Indeed, it has been often recognized that 'prosecutorial discretion in the charging process is very broad.' So long as the prosecutor has probable cause to believe that the accused committed an offense, the decision whether to prosecute, and what charge to bring before a grand jury generally rests entirely within the discretion of the prosecution. . . .

Ramsey v. Town of Oliver Springs, 998 S.W.2d 207, 210 (Tenn. 1999) (quoting State v. Superior Oil, Inc., 875 S.W.2d 658, 660 (Tenn. 1994)) (emphasis partially added). In this case, the district attorney clearly had probable cause to seek a conviction against the Defendant for especially aggravated kidnapping. See Tenn. Code Ann. § 39-13-305(a)(1) (providing that especially aggravated kidnapping is committed when the accused falsely imprisons someone with the use of a deadly weapon). Accordingly, this issue is without merit.

The Defendant having failed to establish his allegations by clear and convincing evidence, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE