FILED

05/16/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned May 9, 2017

## MINDY LEIGH VEARD v. EDWARD EUGENE VEARD, JR.

**Interlocutory Appeal from the Circuit Court for Davidson County
No. 16D193      Philip E. Smith, Judge**

_____

### No. M2017-00898-COA-T10B-CV

_____

This accelerated interlocutory appeal arises from the trial court's denial of a motion for recusal.  After carefully reviewing the trial court's ruling pursuant to the de novo standard of review required under Tennessee Supreme Court Rule 10B, we affirm the decision of the trial court denying the motion for recusal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and THOMAS R. FRIERSON, II, JJ., joined.

Erin Alexander White, Nashville, Tennessee, for the appellant, Edward Eugene Veard, Jr.,

David Scott Parsley, Nashville, Tennessee, for the appellee, Mindy Leigh Veard.

### OPINION

### I. FACTS & PROCEDURAL HISTORY

On April 7, 2017, the trial court in this case conducted a hearing on a "Motion to Strike the Inchoate Acknowledgement on the Marital Dissolution Agreement as Invalid and Dismiss the Marital Dissolution Agreement as Void *Ab Initio*," which was filed by Defendant/Appellant Edward Eugene Veard.  According to the Appellant's brief, this motion was filed in response to a criminal contempt petition filed on behalf of Appellee Mindy Veard.  Appellant argued in the trial court that he did not sign a Marital Dissolution Agreement that was attached to the criminal contempt petition, never received a copy of the final decree of divorce, and that the Marital Dissolution

Agreement was not properly notarized.[1]

At the hearing, after Appellant testified, the trial court judge, Judge Philip E. Smith, made the following statements:

> Mr. Veard, I think I alluded to this fact the last time you all were here. When this case is over and I rule, I'm going to go back in my chambers and I'm going to pick up the phone and I'm going to call Glenn Funk who is the District Attorney. . . . And I'm going to turn somebody over to the District Attorney – for aggravated perjury charges, for obstruction of justice, and I'm going to demand that they be prosecuted. . . . Now, this is your time if you want to change anything you have said, either in the December hearing or in today's hearing, this is your time to change it.

These statements from the trial judge are the sole basis for Appellant's motion to recuse in the trial court and this appeal. Appellant argues that the trial court's statement "was a threat – a threat of criminal prosecution in a civil matter." He goes on to argue that the "threat, the timing of the threat, and the fact that such statements were not made to the other party indicate bias and prejudice and give an appearance of bias and prejudice."

The trial court denied the Appellant's motion to recuse in a written order, and the trial court judge noted that he did "recall making a similar statement to both parties in a hearing in December, 2016." The trial court order goes on to state:

> The Court will first state that it does not know either party other than from their courtroom appearances. The Court does not know any of the witnesses. The Court's entire knowledge of this case has been garnered from courtroom appearances or review of the file prior to a hearing.
>
> The Court acknowledges that it did ask Mr. Veard the question set

---

[1]In expedited appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition. *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016) (*no perm. app. filed*); *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *1 (Tenn. Ct. App. Feb. 20, 2015). Rule 10B requires the appellant's petition on appeal to "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of *any other parts of the trial court record necessary for determination of the appeal*." Tenn. Sup. Ct. R. 10B, § 2.03 (emphasis added). The appellate record in this case consists of Appellant's Petition for Accelerated Interlocutory Appeal, his Motion for Recusal filed in the trial court (including a one page transcript of proceedings in the trial court, on which only Judge Smith's comments recounted herein are included), Appellee's Response to the Motion for Recusal, the trial court's Order Denying the Motion for Recusal, a motion to stay the trial proceedings, and a proposed order staying the trial proceedings.

forth above during the hearing of the Rule 60 motion on April 7, 2017. The Court acknowledges that it did not ask Ms. Claud the same question during her testimony. The explanation is simple. The Court did not and does not believe the testimony of Mr. Veard. The Court made the finding regarding Mr. Veard's testimony at the conclusion of the hearing. The Court heard the testimony of Mr. Veard, watched Mr. Veard's mannerisms during his testimony, and listened intently to his position and explanations. It was only after the testimony of Mr. Veard did the Court make this statement to Mr. Veard giving him an opportunity to change his position before the conclusion of the trial.

After analyzing the standard required for a motion to recuse, the trial court determined that its statements did not establish prejudice or bias. The trial court therefore denied Appellant's motion to recuse. Appellant therefore timely filed this Petition for Accelerated Interlocutory Appeal.

## II. STANDARD OF REVIEW

When reviewing an appeal pursuant to Tennessee Supreme Court Rule 10B, we limit our review to whether the trial court erred in denying the appellant's motion for recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015) (*no perm. app. filed*). We do not review the merits or correctness of the trial court's other rulings. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). "[W]e review the denial of a motion for recusal under a de novo standard of review." *Id.* (citing Tenn. Sup. Ct. R. 10B § 2.06).

The appellate court may order the other parties to answer the appellant's petition and file any necessary documents, but it is also authorized to adjudicate the appeal summarily, without an answer from other parties. *Id*. at § 2.05. Having reviewed Appellant's petition and supporting documents, we have determined that an answer and additional briefing is unnecessary, and we have elected to act summarily on the appeal in accordance with Tennessee Supreme Court Rule 10B, § 2.05. Oral argument is likewise unnecessary.

## III. DISCUSSION

We set forth the legal principles applicable to this case in *In Re: Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543 (Tenn. Ct. App. Aug. 8, 2016) (*no perm. app. filed*):

The party seeking recusal bears the burden of proof. *Williams*, 2015 WL

2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015) (*no perm. app. filed*). "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke*, 398 S.W.3d at 671 (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).

The terms "bias" and "prejudice" usually refer to a state of mind or attitude that works to predispose a judge for or against a party, but not every bias, partiality, or prejudice merits recusal. *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "'Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, develop a bias at some point in the trial; for the decision at the conclusion of the trial is based upon the impressions, favorable or unfavorable, developed during the trial.'" *Id.* at 933 (quoting *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980)). To merit disqualification, the prejudice must be of a personal character, directed at the litigant, and stem from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case. *Id.* at 929. "A trial judge's opinions of the parties or witnesses that are based on what he or she has seen at trial are not improper and 'generally do[ ] not warrant recusal.'" *Id.* at 933 (quoting *Neuenschwander v. Neuenschwander*, No. E2001-00306-COA-R3-CV, 2001 WL 1613880, at *11 (Tenn. Ct. App. Dec. 18, 2001)). Consistent adverse rulings may lead a party to wish for another trial judge, but they do not provide a basis for requiring the trial judge's recusal from the case. *Runyon v. Runyon*, No. W2013-02651-COA-T10B, 2014 WL 1285729, at *10 (Tenn. Ct. App. Mar. 31, 2014). Adverse rulings usually are not sufficient to establish bias. *Duke*, 398 S.W.3d at 671 (citing *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008)). "'Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Id.* (citing

4

*Alley*, 882 S.W.2d at 821).

*In Re: Samuel P.,* 2016 WL 4547543, at *2.

In reviewing Appellant's asserted ground for recusal pursuant to the de novo standard required by Rule 10B, we conclude that Appellant has failed to establish that the trial court's impartiality may reasonably be questioned or that the trial court has an impermissible bias or prejudice.

Appellant suggests that Judge Smith's comments at the April 2017 hearing demonstrate impermissible bias. However, Judge Smith's statements at the hearing simply reflect his opinion of credibility based on his observation throughout this case[2]; the order on the recusal motion recites that the court made an adverse credibility finding with respect to Mr. Veard at the conclusion of the hearing. Judges inevitably form opinions about both parties during the course of litigation, and those opinions are not always positive. *Marcum v. Caruana*, No. M2012-01827-COA-10B-CV, 2012 WL 3984631, at *7 (Tenn. Ct. App. Sept. 11, 2012). "Judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge.'" *Krohn v. Krohn*, No. M2015-01280-COA-T10B-CV, 2015 WL 5772549, at *10 (Tenn. Ct. App. Sept. 22, 2015), *perm. app. denied* (Tenn. Oct. 15, 2015) (quoting *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *4 (Tenn. Ct. App. Feb. 11, 2014)).

> Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartially issue for strategic advantage, which the courts frown upon. *See Kinard* [*v. Kinard*, 986

---

[2] We note that, despite the trial court's comment that it was "going to demand that [someone] be prosecuted," the "District Attorney General and only the District Attorney General can make the decision whether to proceed with a prosecution for an offense committed within his or her district." *Ramsey v. Town of Oliver Springs*, 998 S.W.2d 207, 209 (Tenn. 1999). In fact, the Tennessee Supreme Court has described the District Attorney General as "answerable to no superior and [having] virtually unbridled discretion in determining whether to prosecute and for what offense." *Dearborne v. State*, 575 S.W.2d 259, 262 (Tenn. 1978). The *Dearborne* court went on to say "[n]o court may interfere with [the] discretion to prosecute, and in the formulation of this decision, he or she is answerable to no one." *Id*.

S.W.2d 220, 228 (Tenn. Ct. App. 1998)].

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). If bias is based on the actual observation of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge. *Alley*, 882 S.W.2d at 821. Generally, "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation." *In re A.J.*, 2015 WL 6438671, at *5 (quoting *McKenzie*, 2014 WL 575908, at *3). Appellant does not allege that Judge Smith has any personal prejudice against him or developed a prejudice based on facts from a source other than his involvement in this case.[3] We recognize that if "bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial." *Alley*, 882 S.W.2d at 821. However, if the bias is alleged to stem from events occurring in the course of the litigation, the party seeking recusal has a greater burden to show bias and must demonstrate that bias is so pervasive that it is sufficient to deny the litigant a fair trial. *McKenzie*, 2014 WL 575908, at *3. The evidence in this case simply does not rise to the level of demonstrating an impermissible pervasive bias.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Edward Veard, Jr., and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

---

[3]In fact, the trial court specifically noted in its Order denying Appellant's Motion to Recuse that "it does not know either party other than from their courtroom appearances," it "does not know any of the witnesses," and its "entire knowledge of this case has been garnered from courtroom appearances or review of the file prior to a hearing."